OPINION
{¶ 1} Defendant-appellant, Yazan Jamhour, appeals from a judgment of conviction and sentence imposed in the Franklin County Court of Common Pleas following a jury trial. Appellant was found guilty of felonious assault, R.C. 2903.11. For the following reasons, we affirm in part, reverse in part and remand this case to the trial court for a new trial.
 {¶ 2} The state presented testimony that, on December 29, 2004, Otta Jallaq ("Jallaq"), drove to the Hometown Buffet, a restaurant on Morse Road in Columbus, Ohio to meet his family for dinner. Jallaq's vehicle and that of appellant were nearly involved in a collision in the parking lot. Jallaq testified that, after he parked his car, appellant approached him and an argument ensued. Jallaq's brother, Said, came out of the restaurant and witnessed the confrontation. Both Said and Jallaq testified that appellant threatened to cut Jallaq's throat.
 {¶ 3} After more words, the argument appeared to be at an end and Jallaq and his brother began walking toward the restaurant. Appellant followed and confronted Jallaq again and spit in his face. Jallaq thought he saw brass "knuckles" on appellant's hand and a fight ensued. During the fight, Said saw appellant's hand, bearing a knife, move across his brother's back. The fight ended and appellant and his girlfriend drove off. The victim was bleeding from the head and felt a "sting" across his back where the knife had cut him. Police and an ambulance were called to the scene. The victim was transported to the hospital where he received four stitches to his head. This wound healed leaving a scar 1/8 inch wide by 1 inch long. The wound on his back was closed with two staples. He also had wounds to his left shoulder and both hamstrings. His clothes were bloody and had holes that corresponded to the stab wounds.
 {¶ 4} Appellant had gone to a nearby fire station where he was given medical treatment for his injuries. When police learned he was there, he was arrested. After an explanation of his constitutional rights, appellant agreed to speak with investigators. The interview was recorded on videotape. At first, appellant claimed he only used his car keys, not a knife. Eventually, appellant admitted he had thrown the knife from the car as he and his girlfriend drove away. Later, he denied throwing the knife away.
 {¶ 5} Appellant testified on his own behalf. He admitted he was in the altercation with the victim, and that he spit in the victim's face, but denied threatening to cut the victim's throat. He said he could recall nothing but swinging his arms after which he saw he and Jallaq were both bleeding. He fled and threw the knife away. He identified the knife as a "key chain knife." He admitted he used the knife during the fight and that he had lied to police when he said he only used car keys.
 {¶ 6} Appellant raises three assignments of error:
ASSIGNMENT OF ERROR NO. I
THE TRIAL COURT'S EVIDENTIARY RULINGS DEPRIVED APPELLANT OF A FAIR TRIAL.
ASSIGNMENT OF ERROR NO. II
THE JURY'S VERDICT WAS NOT SUPPORTED BY EITHER SUFFICIENT EVIDENCE OR THE WEIGHT OF THE EVIDENCE.
ASSIGNMENT OF ERROR NO. III
THE ACTS AND OMISSIONS OF TRIAL COUNSEL DEPRIVED APPELLANT OF HIS RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL.
 {¶ 7} The State of Ohio concedes that the testimony of Detective Williams amounted to inadmissible lay opinion that appellant was the aggressor, initiated the fight and then used a knife to end it.[1] The state agrees that this constituted prejudicial error and that the case should be remanded for a new trial. We see no reason to disagree with the state's candid assessment of the testimony or its impact. Accordingly, we sustain the first assignment of error.
 {¶ 8} Although we sustain the first assignment of error, we must address the first portion of appellant's second assignment of error: that the conviction is not supported by sufficient evidence. Where there is insufficient evidence to support a conviction, the remedy is reversal with instructions to discharge the defendant. No retrial is available. Therefore, we review appellant's conviction for sufficiency of the evidence.
 {¶ 9} "The legal concepts of sufficiency of the evidence and weight of the evidence are both quantitatively and qualitatively different." State v. Thompkins (1997), 78 Ohio St.3d 380, paragraph two of the syllabus. A conviction rests on sufficient evidence where, if believed, the evidence would support a conviction.
An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. * * *
State v. Jenks (1991), 61 Ohio St.3d 259, paragraph two of the syllabus. The standard does not require that the judges of the reviewing court reach the same conclusion as the jury, but only whether, if believed by a rational juror, the evidence would support a conviction.
 {¶ 10} Under this standard of review, the court must view the evidence in the light most favorable to the prosecution. Whether a conviction is supported by sufficient evidence is a question of law for a reviewing court. Thompkins, at 386, citing State v.Robinson (1955), 162 Ohio St. 486. A majority of a panel of an appellate court may find that a conviction is not supported by sufficient evidence. Thompkins, at 389. In contrast to the standard of review for sufficiency of the evidence when an appellate court reviews a claim that the conviction is against the manifest weight of the evidence, it is said that the reviewing court sits as a thirteenth juror, weighing evidence and judging the credibility of the witnesses. Reversal on a manifest weight claim can only be by unanimous vote of the reviewing court. Thompkins, supra.
 {¶ 11} Having reviewed the evidence in the light most favorable to the prosecution, we find that sufficient evidence was presented, which, if believed by the jury, supports appellant's conviction. Appellant was charged with felonious assault, R.C. 2903.11(A), in that appellant knowingly caused serious physical harm to the victim or caused or attempted to cause physical harm by means of a deadly weapon. If believed, appellant stabbed the victim with a knife, causing wounds that required stitches and staples to close. Scarring is a permanent disfigurement. The victim was left with a scar approximately 1/8 inch wide by 1 inch long. Hence, there was evidence of serious physical harm.
 {¶ 12} Additionally, appellant used a knife to cut the victim. Even a small, sharp blade is capable of inflicting death if employed against a vital body part, such as the carotid artery.[2] As wielded, the knife met the definition of deadly weapon: a device capable of causing death and either designed as a weapon, carried as a weapon or used as a weapon. If the state's witnesses are believed, appellant used the knife to cause physical harm to the victim. Therefore, under either theory, there was sufficient evidence to support a conviction for felonious assault. Therefore, the first portion of the second assignment of error is overruled.
 {¶ 13} In the second portion of the second assignment of error, appellant argues that his conviction is against the manifest weight of the evidence. Where a conviction is supported by sufficient evidence, but is found to be against the manifest weight of the evidence, the remedy is to remand for a new trial. Dismissal is not available. The second portion of the second assignment of error asserts that the conviction is against the manifest weight of the evidence based, in large measure, upon appellant's view that he demonstrated the evidence of the affirmative defense of self-defense. If we were to find that the evidence demonstrated that appellant acted in self-defense and that affirmative defense had been established, reversal and dismissal would be the remedy. However, we do not find that self-defense was established from the evidence presented. While there was evidence that appellant was not the aggressor and that he defended himself from an assault, there was contradictory evidence that appellant was the aggressor and pursued the confrontation with the victim. Therefore, the conviction is not against the manifest weight of the evidence and we overrule the second assignment of error.
 {¶ 14} Because of our resolution of the first assignment of error and the fact that the case is remanded for a new trial, appellant's ineffective assistance claim raised in his third assignment of error is rendered moot. However, because this case will be retried, we note that trial counsel was not ineffective in failing to move to suppress appellant's statement to investigators as a claimed violation of the Vienna Convention on Consular Relations. See Sanchez-Llamas v. Oregon (2006), ___ U.S. ___, 126 S.Ct. 2669, which held that, even assuming that the convention created a judicially enforceable right, suppression of evidence is not an appropriate remedy.
 {¶ 15} For the reasons set forth, the first assignment of error is sustained, the second assignment of error is overruled in part and found moot in part, and the third assignment of error is moot. The judgment is reversed and remanded to the Franklin County Court of Common Pleas for a new trial.
Judgment reversed and remanded for a new trial.
Klatt, P.J., and French, J., concur.
[1] See (Tr. at 89.)
[2] A single edged safety razor blade is quite small, but can inflict major, life-threatening injuries.