OPINION
{¶ 1} Jonathan D. Freed ("appellant") appeals from a judgment of the Franklin County Municipal Court, which convicted appellant of violating R.C. 4511.21(A), a minor misdemeanor. For the following reasons, we reverse.
 {¶ 2} On May 10, 2006, Franklin County Sheriff Deputy John Thompson was operating a speed-recording laser device on I-270, near the Sawmill Road interchange. While Deputy Thompson pointed the laser at a car being driven by appellant, the laser [D1]recorded a speed of 83 m.p.h. Deputy Thompson stopped appellant, and he issued appellant a ticket.
 {¶ 3} In writing the ticket, Deputy Thompson checked a box for "SPEED" and wrote in "83" m.p.h. in "65" m.p.h. zone. He checked boxes for "Over Limits" and "Unsafe for cond." He also checked "ORC" and wrote 4511.21, indicating a violation of R.C. 4511.21. By checking certain boxes on the ticket, Deputy Thompson also indicated: the pavement was dry; there were three lanes of traffic; visibility was clear; there were no adverse weather conditions; traffic was moderate; the area was residential; and no crash occurred.
 {¶ 4} The ticket served as a summons upon appellant and ordered appellant to appear at the Franklin County Municipal Court on May 26, 2006. On that date, appellant appeared, pled not guilty, and demanded a trial. Appellant also filed a motion to dismiss the complaint. Specifically, appellant argued that there were four, not three, traffic lanes at the location in question, the ticket misidentified his vehicle, and the complaint did not provide enough specificity regarding the offense charged. Finally, appellant filed a notice and motion regarding schedules, which advised the court that he worked out-of-state frequently and made certain requests regarding scheduling.
 {¶ 5} On May 30, 2006, the court issued a notice of court appearance, which scheduled the trial for June 7, 2006. The notice included a reference to "LEAD CHARGE: SPEED[.]"
 {¶ 6} On June 1, 2006, appellant filed a motion for discovery. In his motion, appellant asserted that he had made a demand upon the state of Ohio ("appellee") for discovery, and the discovery had not been provided. Among other requests, appellant asked for records and information relating to the deputy's training and the devices used to support the allegations. Appellee opposed the motion, and appellant filed a response.
 {¶ 7} On June 7, 2006, appellant filed a motion for discharge of defendant forthwith. In his motion, appellant argued that R.C. 2937.21
provided a ten-day limit upon continuances and that continuances or delays beyond ten days were grounds for discharge of the defendant. Appellant argued that the court had not yet ruled on his motion to dismiss the complaint against him, more than ten days had passed, and, therefore, he was entitled to discharge.
 {¶ 8} Appellant also filed a motion for continuance. He reminded the court of his notice and motion regarding schedules. In order to accommodate his work schedule, appellant asked to continue the trial until the week of June 26, 2006.
 {¶ 9} The parties appeared before the trial court on June 7, 2006. Appellant appeared pro se. He first raised his motion to discharge based on R.C. 2937.21. Counsel for appellee argued that R.C. 2937.21 was inapplicable, as no continuances had been granted in the case. The court denied the motion.
 {¶ 10} Appellant then argued the points he raised in his motion to dismiss. Counsel for appellee argued that any dispute regarding the number of lanes or the body type of appellant's car was not sufficient to dismiss the complaint. As to the specificity of the charge, counsel argued that the ticket provided sufficient notice to appellant. The court then asked counsel for appellee to clarify the subsection of R.C. 4511.21 under which appellee intended to proceed. Over appellant's objection, counsel for appellee stated that appellee intended to proceed under R.C. 4511.21(A). Although the court expressed some concern regarding appellant's need to know the specific charge against him, the court denied appellant's motion to dismiss the complaint.
 {¶ 11} Appellant then moved the court for a continuance so that he could prepare a defense related to the specific charge against him. Appellant also raised his motion for discovery. Counsel for appellee opposed appellant's motion for discovery, indicating that appellant had all the information appellee intended to present at trial, and also opposed the motion for continuance. Following discussion regarding appellant's schedule for that day and the parties' intended witnesses, the court denied the motion for continuance and the motion for discovery.
 {¶ 12} Appellee called Deputy Thompson as a witness. Most pertinent here, Deputy Thompson testified that he had calibrated the laser on the date in question and that it was in good working order on that date. Counsel for appellee then asked the court to take judicial notice of the scientific reliability of the laser device based on a prior ruling of the court. Appellant objected, arguing that there had been no evidence as to the "version, manufacturer, software, hardware, [or] anything like that" regarding the laser. (Tr. at 39.) The court allowed the testimony. Deputy Thompson thereafter testified regarding the laser reading of 83 m.p.h. and confirmed the other information referenced on the ticket. Specifically, he testified that, in his opinion, appellant's speed was not reasonable and proper given the road conditions.
 {¶ 13} Upon cross-examination by appellant, Deputy Thompson testified that, in his view, the highway in question included three traffic lanes and one exit lane. Deputy Thompson acknowledged that the ticket indicated the date as May 9, 2006, in one location.
 {¶ 14} Following Deputy Thompson's testimony, appellee rested. Appellant moved to dismiss the charges against him. Specifically, appellant argued that appellee had failed to prove an assured clear distance violation. The court agreed that appellee had not proven an assured clear distance violation. However, the court determined that appellee had provided sufficient evidence of a speeding violation. Appellant presented no witnesses or other evidence on his own behalf.
 {¶ 15} Following closing arguments by both parties, the court found appellant guilty of a speeding violation under R.C. 4511.21(A). Appellant filed a timely appeal, and he raises the following assignments of error:
 [1.] The trial court erred to the prejudice of [appellant] when it denied his Motion for Discharge.
 [2.] The trial court erred to the prejudice of [appellant] when it denied his Motion for Discovery and imposed no sanctions for prosecutorial misconduct.
 [3.] The trial court and the prosecution for the State erred to the prejudice of [appellant] by failing to protect [appellant's] rights with regards to evidence according to rules described by the U.S. Supreme Court in Brady v. Maryland (1963), 373 U.S. 83, * * * and cases of similar relevance, such as Kyles v. Whitley
(1995), 514 U.S. 419 * * *.
 [4.] The trial court erred to the prejudice of [appellant] when it denied his Motion for a Continuance and set the matter for trial forthwith.
 [5.] The trial court erred to the prejudice of [appellant] when it took judicial notice regarding a laser device.
 [6.] The trial court erred to the prejudice of [appellant] in its construction of R.C. 4511.21(A) and by finding him guilty of violating R.C. 4511.21(A) when all the elements of the offense were not proven beyond a reasonable doubt.
 {¶ 16} We begin with appellant's fifth assignment of error, in which he argues that the trial court erred when it took judicial notice regarding the laser device Deputy Thompson used to record appellant's speed. Appellee concedes that the trial court improperly took judicial notice of the accuracy and reliability of the laser device because no evidence or testimony specifically identified the type of device used. Appellee further concedes that, because the laser recording was the only evidentiary basis on which to prove the offense, the case should be remanded to the trial court for a new trial.
 {¶ 17} We agree with appellee's concession as to judicial notice. This court has previously found that "the scientific accuracy of a laser device is the type of fact that can be judicially noticed." City ofColumbus v. Dawson (Mar. 14, 2000), Franklin App. No. 99AP-589. As this court recognized, Evid. R. 201(B) provides:
 A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonabl[y] be questioned.
 {¶ 18} Here, the trial court took judicial notice of the accuracy of the laser device used to record appellant's speed on the authority ofCity of Columbus v. Barton (1994), 106 Ohio Misc.2d 17. In that opinion, the Franklin County Municipal Court took judicial notice of the reliability and accuracy of the "LTI 20/20 laser speed detector" when used according to prescribed conditions and procedures. Id. at 18. Thus, the Barton opinion may serve as a basis for the trial court to take judicial notice of the accuracy and reliability of the LTI 20/20 laser speed detector, if used properly.
 {¶ 19} The problem in this case, however, is that appellee did not submit evidence of what laser device Deputy Thompson used to record appellant's speed. Counsel for appellee asked, and Deputy Thompson provided information regarding, the deputy's training and qualifications to use the device, the steps he took to calibrate the device, and the procedure he used to record appellant's speed. Counsel did not ask Deputy Thompson to identify the laser device used, nor did appellee submit any other evidence to specifically identify the device. And, while the ticket issued to appellant identifies the laser as "# 9889," it does not identify the make or manufacturer of the device. Without such identifying evidence, the Barton opinion, which addressed only the accuracy and reliability of the LTI 20/20 laser speed detector, did not provide sufficient grounds to support judicial notice of the accuracy and reliability of the unidentified device used in this case. Further, without any other identifying information or evidence regarding the device's accuracy and reliability, as appellee concedes, the trial court erred by taking judicial notice of the accuracy and reliability of the laser device used to record appellant's speed. Accord State v.Palmer, Hamilton App. No. C050750, 2006-Ohio-5456 (finding trial court could not determine reliability of unidentified laser device); City ofCleveland v. English, Cuyahoga App. No. 84945, 2005-Ohio-1662 (finding trial court could not take judicial notice of laser device's dependability and accuracy without evidence as to type or make of device). On these grounds, we sustain appellant's fifth assignment of error.
 {¶ 20} In his sixth assignment of error, appellant argues that the trial court erred to his prejudice by finding him guilty of violating R.C. 4511.21(A) when all of the elements were not proven beyond a reasonable doubt. While appellant first argues that the court misinterpreted the statute, he goes on to argue that, even if the court's interpretation was correct, the evidence was insufficient in light of the inadmissibility of the laser evidence.
 {¶ 21} Sufficiency of the evidence is a legal standard that tests whether the evidence introduced at trial is legally sufficient to support a verdict. State v. Thompkins (1997), 78 Ohio St.3d 380, 386. We examine the evidence in the light most favorable to the state and conclude whether any rational trier of fact could have found that the state proved beyond a reasonable doubt the essential elements of the crime. State v. Jenks (1991), 61 Ohio St.3d 259, paragraph two of the syllabus; State v. Yarbrough, 95 Ohio St.3d 227, 2002-Ohio-2126, at ¶ 78. We will not disturb the verdict unless we determine that reasonable minds could not arrive at the conclusion reached by the trier of fact. Jenks at 273. In determining whether a conviction is based on sufficient evidence, we do not assess whether the evidence is to be believed, but whether, if believed, the evidence against a defendant would support a conviction. See Jenks, paragraph two of the syllabus;Yarbrough at ¶ 79 (noting that courts do not evaluate witness credibility when reviewing a sufficiency of the evidence claim);State v. Lockhart (Aug. 7, 2001), Franklin App. No. 00AP-1138.
 {¶ 22} Having conceded the trial court's error in taking judicial notice of the laser's accuracy, the state concedes that, "[b]ecause there was no evidentiary basis to prove the offense other than the laser speed device, the conviction should be reversed[.]" We agree.
 {¶ 23} Before the trial court, Deputy Thompson testified that he "was running laser at the time as cars were coming towards me, basically hitting every car that came at me. He was in my scope of the laser, and indicated he was in excess of the speed limit." (Tr. at 36.) Deputy Thompson did not testify as to any observations of appellant's speed, independent of the speed recorded on the laser device.
 {¶ 24} Deputy Thompson did testify that, in his opinion, appellant was traveling at an unreasonable speed given the road conditions. However, other than the recorded speed, appellee presented no evidence to support that conclusion. Nor did appellee submit any evidence, aside from Deputy Thompson's testimony regarding the speed recorded on the laser device, that appellant was traveling "at a speed greater or less than is reasonable or proper, having due regard to the traffic, surface, and width of the street or highway and any other conditions," as R.C. 4511.21(A) requires.
 {¶ 25} Under similar circumstances, this court has concluded that the city failed to prove a speeding violation. In Dawson, this court found that the trial court had taken judicial notice of a laser device improperly. Although the officer also had testified that the defendant's speed was unreasonable for the road conditions, the court found that such testimony was not enough to prove a speeding violation where that testimony was based solely on inadmissible laser evidence.
 {¶ 26} Thus, viewing the evidence in the light most favorable to the state, we may only conclude that a reasonable trier of fact could not have found that appellee proved each element of the offense beyond a reasonable doubt. Accordingly, we sustain, in part, appellant's sixth assignment of error.
 {¶ 27} Finally, having conceded the trial court's error and the insufficiency of the evidence to support appellant's conviction, appellee suggests that the appropriate remedy is to remand the case for a new trial. It is well-established, however, that "[w]here there is insufficient evidence to support a conviction, the remedy is reversal with instructions to discharge the defendant. No retrial is available."State v. Jamhour, Franklin App. No. 06AP-20, 2006-Ohio-4987, at ¶ 8. Having concluded that there is insufficient evidence to support appellant's conviction, we reverse the trial court's decision with instructions to discharge appellant.
 {¶ 28} In summary, we sustain appellant's fifth assignment of error, sustain, in part, appellant's sixth assignment of error, and reverse the judgment of the Franklin County Municipal Court with instructions to discharge appellant. Appellant's remaining assignments of error are moot.
Judgment reversed with instructions to discharge appellant.
KLATT, P.J., and McGRATH, J., concur.