DECISION
{¶ 1} Ajamu M. Kafele is appealing from his conviction for a speeding violation. He assigns three errors for our consideration:
 1. The Trial Court erred when it did not dismiss the case for improper arraignment proceedings that did not notify Defendant of his rights in accords with the rules of court.
 2. The Trial Court erred and/or abused its discretion when it accepted judicial notice from the Plaintiff where the Plaintiff failed to follow the proper procedures for usage of judicial notice. *Page 2 
 3. The Trial Court erred when it failed to find the Defendant NOT guilty where the Plaintiff lacked sufficient evidence to support its case.
 {¶ 2} On November 18, 2006, Ajamu M. Kafele was driving his 1996 Lexus on Interstate 270 in the Columbus area when he was pulled over and issued a citation by Trooper Larry Roberts of the Ohio State Highway Patrol. Trooper Roberts alleged that Mr. Kafele was traveling 80 miles per hour in a 65 mile per hour zone, and therefore was traveling over the speed limits for purposes of R.C. 4511.21(D)(2). R.C. 4511.21(D)(2) reads:
 No person shall operate a motor vehicle, * * * upon a street or highway as follows:
 * * *
 (2) At a speed exceeding sixty-five miles per hour upon a freeway as provided in division (B)(13) of this section except as otherwise provided in division (D)(3) of this section[.]
 {¶ 3} On December 6, 2006, Mr. Kafele appeared at traffic court and entered a plea of "not guilty" to the speeding ticket. He did not waive his right to a speedy trial, so the case was set for trial the next week. The record before us includes a transcript of the proceedings of the day of trial, but no transcript of the proceedings at the time Mr. Kafele originally entered his plea of "not guilty." No App.R. 9 statement is before us either.
 {¶ 4} Given the lack of information available to us, we cannot determine what happened at the time Mr. Kafele entered his plea in traffic arraignment court. We, therefore, cannot say that prejudicial error occurred with respect to the proceedings.
 {¶ 5} The first assignment of error is overruled. *Page 3 
 {¶ 6} The second assignment of error asserts that the trial judge, sitting as trier of fact, erred in taking judicial notice of the accuracy of the device used by Trooper Roberts in determining Mr. Kafele's speed. The trial court follows the reported case ofColumbus v. Barton (1994), 106 Ohio Misc.2d 17, in taking judicial notice of the reliability of the laser device used to clock Mr. Kafele's speed on this separate reading at or close to 80 miles per hour. The trial court was within its discretion to do so, as affirmed by this appellate court in State v. Freed, Franklin App. No. 06AP-700,2006-Ohio-6746.
 {¶ 7} Further, Trooper Roberts was able to make his own visual estimate of 82 miles per hour. Trooper Roberts is trained to make such an estimate and is required to develop that skill as a part of his preparation to become a trooper with the Ohio State Highway Patrol. Either the trooper's expert opinion or the readings from the laser device would have been sufficient to support the trial court's finding that Mr. Kafele was exceeding the posted speed limit for a freeway.
 {¶ 8} The second assignment of error is overruled.
 {¶ 9} The same facts support the trial court's verdict for purposes of the third assignment of error. Although Mr. Kafele asserted that the vehicle in front of him was the vehicle actually clocked by Trooper Roberts, the trial court was entitled to reject that testimony and believe the testimony of Trooper Roberts about both the visual estimation of speed and the measurement of the speed of Mr. Kafele's vehicle through the use of the laser device. Especially for the purposes of a sufficiency of the evidence analysis, the trial court did not err by entering a finding of guilty as to operating a motor vehicle over the posted limits on a freeway.
 {¶ 10} The third assignment of error is overruled. *Page 4 
 {¶ 11} All three assignments of error having been overruled, the judgment and sentence of the Franklin County Municipal Court is affirmed.
Judgment affirmed.
 BRYANT and BROWN, JJ., concur. *Page 1