[Cite as *State v. Oh*, 2013-Ohio-4940.]

# IN THE COURT OF APPEALS

# FIRST APPELLATE DISTRICT OF OHIO

# HAMILTON COUNTY, OHIO


STATE OF OHIO,                          :           APPEAL NO. C-130182
                                                    TRIAL NO. B-1206685
      Plaintiff-Appellee,       :

  vs.                                   :

                                                    *O P I N I O N.*
                                        :

JAEHEE OH,                              :

      Defendant-Appellant.       :



Criminal Appeal From: Hamilton County Court of Common Pleas

Judgment Appealed From Is: Affirmed and Cause Remanded

Date of Judgment Entry on Appeal:  November 8, 2013


*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Scott Heenan*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*George A. Katchmer*, for Defendant-Appellant.



Please note:  this case has been removed from the accelerated calendar.

**FISCHER, Judge.**

{¶1} Defendant-appellant Jaehee Oh appeals the judgment of the trial court convicting him of rape and aggravated burglary following Oh's no-contest pleas. Oh argues that the trial court erred by denying his motion to suppress statements he had made to police where Oh, a Korean national, had not had previous experience with the American criminal-justice system, had been "hung over" at the time of the police interview, and had not been informed of his right to contact the Korean Consulate as required by the Vienna Convention on Consular Relations, Apr. 24, 1963, (1970) 21 U.S.T. 77, T.I.A.S. No. 6820 ("Vienna Convention"). Oh also argues that the trial court erred by granting the state's motion to take the deposition of the victim, Y.Y.S., prior to trial. Finding no merit in Oh's assignments of error, we affirm the trial court's judgment.

{¶2} Oh was indicted for the rape of Y.Y.S. and the aggravated burglary of Y.Y.S.'s apartment, both felonies of the first degree. According to the bill of particulars, Oh had entered Y.Y.S.'s apartment by force and had obtained a knife from inside her apartment. Oh then had entered Y.Y.S.'s bedroom while she had been sleeping and had held a knife to her throat while he had digitally penetrated her vagina. Oh had attempted to have sexual intercourse with Y.Y.S., but he had been unsuccessful.

{¶3} Oh filed a motion to suppress statements he had made to police. At the motion-to-suppress hearing, Detective Kimberly Kelley testified that she had first met Oh at his apartment at around 8:00 or 9:00 p.m., and the offense had occurred at 5:00 a.m. Detective Kelley had identified herself to Oh as an officer, had informed him that a female had made a complaint against him, and had requested to speak

with him in connection with the investigation. Detective Kelley had noticed that Oh could speak some English, but that she would need an interpreter to interview him. Once Oh had agreed to go to the police station, Detective Kelley had called a language service to arrange for a Korean interpreter to meet them at the station. Oh then had been brought to the station by a uniformed police officer.

{¶4} Once Oh and the interpreter had arrived at the station, Detective Kelley had given Oh his notification-of-rights form, which had been written in English. The interpreter had orally informed Oh of his rights as laid out in the form, and then Oh had signed the form. Detective Kelley had interviewed Oh with the aid of the interpreter, but some of the interview had been conducted in English. Oh had not indicated at any time that he wanted to stop the interview or get a lawyer.

{¶5} Detective Kelley testified that Oh had stated he was tired and "hung over," but that he had not appeared to be under the influence of alcohol. Detective Kelley acknowledged that she had not informed Oh of his right to contact the Korean Consulate at any time during the interview. Detective Kelley also acknowledged that Oh had not had a criminal history that she had found.

{¶6} Jennifer Kim, a Korean interpreter, also testified at the hearing. Kim was not the same interpreter that had been with Oh during the police interview. Kim testified that her review of Oh's interview showed that Oh's interpreter had accurately and fully translated the notification-of-rights form. For example, Kim testified that, at one point during the interview, Oh had been asked if he knew what a lawyer did, and he had answered: "Protect me."

{¶7} After the hearing, the trial court denied Oh's motion to suppress.

3

{¶8}   The state filed three separate pretrial motions, all of which sought to depose Y.Y.S., also a Korean national, prior to trial.  The state contended that Y.Y.S. would not be able to attend the trial, which at that point had not been scheduled, because she would be going back to Korea permanently within the next couple of weeks.  Oh objected to the state's deposition of Y.Y.S., arguing that the state had not shown Y.Y.S.'s unavailability for trial.  Oh contended that Y.Y.S. was a student who had gone back and forth from Korea before, and that the state had not served Y.Y.S. with a subpoena while she was still in the country.  After discussing the matter on the record with counsel, the trial court granted the state's motion to take Y.Y.S.'s deposition.  Oh, Oh's counsel, and an interpreter attended the deposition, allowing Oh the opportunity to cross-examine Y.Y.S.

{¶9}   After Y.Y.S.'s deposition, Oh entered pleas of no contest to rape and aggravated burglary.  The trial court conducted a plea hearing where it accepted Oh's pleas and found Oh guilty of both offenses.  The trial court sentenced Oh to concurrent three-year prison terms on the charges.  Oh now appeals.

**Motion to Suppress Statements to Police**

{¶10}  We address Oh's second assignment of error first, in which Oh argues that the trial court erred in "failing to dismiss the matter" because Oh had not been afforded the assistance of the Korean Consulate as required by the Vienna Convention.  Oh's argument on appeal is broader than his argument before the trial court in that Oh argued before the trial court that his statements to police should be suppressed because of the failure to comply with the Vienna Convention and not that the entire indictment against him should be dismissed.

4

{¶11} In regard to the trial court's ruling on Oh's motion to suppress, such a ruling presents a mixed question of law and fact. *See State v. Burnside*, 100 Ohio St.3d 152, 2003-Ohio-5372, 797 N.E.2d 71, ¶ 8. We must accept a trial court's findings of fact if they are supported by competent, credible evidence, but we review de novo the application of the law to those facts. *Id.* By contrast, we review for plain error Oh's argument that the trial court should have dismissed the indictment because Oh did not raise that argument below. *See* Crim.R. 52(B).

{¶12} Article 36 of the Vienna Convention, a treaty ratified by the United States, requires that individuals detained by authorities in a foreign country be informed of their right to request the authorities to contact those individuals' foreign consulates. Vienna Convention on Consular Relations, Apr. 24, 1963, (1970) 21 U.S.T. 77, T.I.A.S. No. 6820, Article 36(1)(b). The United States Supreme Court has held that a failure by police to notify a defendant in accordance with Article 36 prior to obtaining the defendant's statement is not a distinct ground for suppression of the statement. *Sanchez-Llamas v. Oregon*, 548 U.S. 331, 126 S.Ct. 2669, 165 L.Ed.2d 557, 579 (2006). The Court noted that the exclusionary rule generally applies to constitutional violations—not treaties—and that a defendant can use an Article 36 violation as a factor in attacking the overall voluntariness of the defendant's statement to police. *Id.* at 577-579.

{¶13} Detective Kelley's failure to inform Oh of his rights under Article 36 of the Vienna Convention is not, in and of itself, a ground to suppress Oh's statements, and, likewise, such a failure is not a separate ground to dismiss Oh's indictment. *See State v. Jamhour*, 10th Dist. Franklin No. 06AP-20, 2006-Ohio-4987, ¶ 14 (where the court determined that counsel was not ineffective for failing to move to suppress

a criminal defendant's statement to investigators as a violation of the Vienna Convention because, under *Sanchez-Llamas*, even assuming that the Vienna Convention created a judicially enforceable right, suppression of evidence was not a remedy).

{¶14} Therefore, the trial court did not err in overruling Oh's motion to suppress on the basis of the Vienna Convention violation, nor did the trial court commit plain error in failing to dismiss the indictment against Oh. We overrule Oh's second assignment of error.

{¶15} In his first assignment of error, Oh argues that the trial court erred in overruling his motion to suppress because his statements were not voluntary.

{¶16} In determining whether a defendant's pretrial statement is voluntary, a court "should consider the totality of the circumstances, including the age, mentality, and prior criminal experience of the accused; the length, intensity, and frequency of interrogation; the existence of physical deprivation or mistreatment; and the existence of threat or inducement." *State v. Leonard*, 104 Ohio St.3d 54, 2004-Ohio-6235, 818 N.E.2d 229, ¶ 32, quoting *Edwards* at paragraph two of the syllabus. Moreover, police coercion is a prerequisite to a finding of involuntariness. *Id.*; *State v. Frazier*, 115 Ohio St.3d 139, 2007-Ohio-5048, 873 N.E.2d 1263, ¶ 113-114.

{¶17} The record does not reflect that Oh's statements were involuntarily made to Detective Kelley. Although Oh, a Korean national, had not been informed of his consulate rights and had not had prior experience with the American criminal-justice system, Oh had been informed of his *Miranda* rights through an interpreter, he had indicated that he comprehended those rights, and he had expressly waived

6

those rights. Even though Oh contends that he had been "hung over" during the interview, the interview had not been lengthy or intense, nor had any deprivation or threats occurred. Considering the totality of the circumstances surrounding Oh's statements to Detective Kelley, Oh's statements were voluntary.

{¶18} The trial court did not err in failing to suppress Oh's statements, and we overrule Oh's first assignment of error.

### Deposition of the Victim

{¶19} Finally, in Oh's third assignment of error, he argues that the trial court erred in allowing the state to depose the victim, Y.Y.S., prior to trial.

{¶20} The trial court granted the state's motion to depose Y.Y.S. under Crim.R. 15. Crim.R. 15(A) states:

> If it appears probable that a prospective witness will be unable to attend or will be prevented from attending a trial or hearing, and if it further appears that his testimony is material and that it is necessary to take his deposition in order to prevent a failure of justice, the court at any time after the filing of an indictment, information, or complaint shall upon motion of the defense attorney or the prosecuting attorney and notice to all the parties, order that his testimony be taken by deposition * * *.

We review a trial court's decision to grant or deny a party's request for a pretrial deposition under Crim.R. 15 for an abuse of discretion. *See State v. Lominack*, 5th Dist. Stark No. 2012CA00213, 2013-Ohio-2678, ¶ 57.

7

{¶21} The trial court did not err in allowing the state to depose Y.Y.S., the sole complaining witness, prior to trial under Crim.R. 15 where the state contended that Y.Y.S. intended to move back to Korea permanently within the next couple of weeks and a trial date had yet to be scheduled, and the state would be prevented from issuing Y.Y.S. a subpoena once she moved out of the country. As a practical matter, the state could not issue a subpoena without a trial date.

{¶22} Oh nevertheless argues that the trial court's allowance of Y.Y.S.'s pretrial deposition violated his Sixth Amendment rights under *Crawford v. Washington*, 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004) and Evid.R. 804(B), because the state failed to show that Y.Y.S. was unavailable for trial or that a reasonable effort had been made to secure Y.Y.S.'s presence at trial. Oh pled no contest to rape and aggravated burglary prior to any ruling by the trial court admitting the deposition at trial. As a result, Oh cannot demonstrate that he was prejudiced by the trial court's allowance of the pretrial deposition.

{¶23} We overrule Oh's third assignment of error.

{¶24} In conclusion, having overruled Oh's assignments of error, we affirm the judgment of the trial court. As noted by the state, the judgment entry states that Oh was pro se at the time of sentencing; however, the record shows that Oh was represented by counsel. Therefore, we remand this case to the trial court to correct the clerical error in the judgment entry.

Judgment affirmed and cause remanded.

CUNNINGHAM, P.J., and DEWINE, J., concur.

Please note:
The court has recorded its own entry on the date of the release of this opinion.